# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY MAMMANA :
:
v. : No. 4:17-CV-0645
:
**FEDERAL BUREAU OF PRISONS**, et al.:

## ORDER

AND NOW this _____ day of _____, 2018, upon consideration of Defendants' Motion to Dismiss and/or, in the Alternative, for Summary Judgment, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that:

1) Defendant, Federal Bureau of Prisons is voluntarily dismissed without prejudice;

2) Plaintiff's claim for malicious prosecution is voluntarily dismissed without prejudice;

3) Plaintiff's claim for violation of due process is voluntarily dismissed without prejudice; and,

4) Defendants' Motion to Dismiss and/or, in the Alternative, for Summary Judgment is DENIED.

**AND IT IS SO ORDERED.**

_____
HON. MATTHEW W. BRANN, U.S.D.J.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MAMMANA** | : | |
| | : | |
| v. | : | No. 4:17-CV-0645 |
| | : | |
| **FEDERAL BUREAU OF PRISONS**, et al. | : | |

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR IN THE ALTERNAITVE, FOR SUMMARY JUDGMENT

Incorporating by reference Plaintiff's attached Memorandum of Law in Opposition to Defendants' Motion to Dismiss and/or, in the Alternative, for Summary Judgment, Plaintiff, Anthony Mammana, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants, Federal Bureau of Prisons, Lieutenant David Barben, and Registered Nurse Rachal Taylor's Motion and enter Plaintiff's proposed Order.

WHEREFORE, Plaintiff, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

                                                **WEISBERG LAW**

                                                */s/ Matthew B. Weisberg*
                                                Matthew B. Weisberg, Esquire
                                                L. Anthony DiJiacomo, III, Esquire
                                                *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MAMMANA | : | |
| | : | |
| v. | : | No. 4:17-CV-0645 |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
AND/OR
IN THE ALTERNAITVE, FOR SUMMARY JUDGMENT**

Plaintiff, Anthony Mammana, by and through his undersigned counsel, hereby provides his Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendants, Federal Bureau of Prisons, Lieutenant David Barben, and Registered Nurse Rachal Taylor's Motion to Dismiss and/or, in the Alternative, for Summary Judgment.

**I.   PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS.**

Plaintiff, by and through his undersigned counsel, respectfully incorporates his Response to Defendants' Statement of Material Facts ("D's Stat."), filed concurrently, as if set forth at length herein.

**II.   PLAINTIFF'S STATEMENT OF MATERIAL FACTS.**

Plaintiff, by and through his undersigned counsel, respectfully incorporates his Statement of Material Facts ("P. Stat."), filed concurrently, as if set forth at length herein.

**II.   ARGUMENT**

   **A.   STANDARD FOR MOTION TO DISMISS: *FOWLER* REGARDING *TWOMBLY* AND *IQBAL*.**

Reversing the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in *Twombly* and *Iqbal* (in accord with

*Phillips*) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPML Shadyside*, 2009 WL 2501662 (C.A.3 (Pa) 2009) (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1955 (2009)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (C.A.3 2008).

*Fowler* reiterated the appropriate Motion to Dismiss standard, as elucidated in *Phillips*, holding that: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the Complaint, the plaintiff may be entitled to relief." *Fowler*, supra (*quoting Phillips*, 515 F.3d at 233) (emphasis added).

"Even post-Twombly, it has been noted that a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Fowler*, supra; (*quoting Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 231 2671 (W.D. Pa. 2008); *Phillips*, 515 F.3d at 234. Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Montville Twp. v. Woodmont Builders LLC*, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (*quoting Twombly,* 550 U.S. at 1969). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., Moore's Federal Practice P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler*, supra "…[S]tandards of pleadings are not the same as standards of proof." Id. "[A] well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (*quoting Twombly*, 550 U.S. at 556).

### B.  STANDARD FOR MOTION FOR SUMMARY JUDGMENT.

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *See Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id*. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986); s*ee also Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir.1992) ("A nonmoving party may not 'rest upon mere allegations, general denials or ... vague statements ....") (citations omitted).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992). When reviewing a motion for summary judgment, this Court should resolve

all reasonable doubts and inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id*.

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n. 1 (3d Cir.2001) (*citing Celotex Corp.*, 477 U.S. at 322); *accord* Fed.R.Civ.P. 56(c).

### C. PLAINTIFF SUFFERED EXTREME DEPRIVATIONS CONSTITUTING CRUEL & UNUSUAL PUNISHMENT THROUGH THE DEPRIVATION OF HIS HUMAN NEEDS.

Plaintiff, Anthony Mammana suffered extreme deprivations constituting cruel and unusual punishment through the deprivation of his human needs. *See Wilson v. Seiter,* 501 U.S. 294, 304-305 (1991) (The Eighth Amendment is violated when conditions of confinement "produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")*; see also generally, Spain v. Procunier,* 600 F.2d 189, 199 (CA9 1979) (outdoor exercise required when prisoners otherwise are confined to a cell).

Here, the conditions of Plaintiff's confinement in the Yellow Room deprived Plaintiff of warmth, exercise, sleep, and sufficient food. *See* P. Stat., ¶¶ 14-23. Despite being placed in a cell with its air conditioning on high, Plaintiff was only given paper clothing to keep warm; he was deprived of the prison-issued clothing, and regulated sheets, blanket, and towel, which he could have used to keep warm. *See* P. Stat., ¶¶ 14, 19. As a result, Plaintiff spent four days shivering in the cold. *See* P. Stat., ¶ 21. As a result of the deprivation of the human need for warmth,

Defendants caused Plaintiff to suffer cruel and unusual punishment. *See Wilson,* 501 U.S. 304-305 (1991) (deprivation of "warmth" can establish a Eighth Amendment violation).

Further, while held in the Yellow Room, Defendants kept the bright lights on for the entire duration of confinement. *See* P. Stat., ¶ 16. With the bright lights bouncing off the bright, yellow paint, combined with the constant shivering Plaintiff was undergoing, Plaintiff was deprived of sleep for approximately four days. *See* P. Stat., ¶ 21. As a result of the deprivation of the human need for exercise, Defendants caused Plaintiff to suffer cruel and unusual punishment. *See Wilson,* 501 U.S. at 304-305 (The Eighth Amendment is violated when conditions of confinement "produces the deprivation of a single, identifiable human").

Further still, Plaintiff was held in the Yellow Room without any ability to exercise or relief from the isolation; i.e. Plaintiff was not released for a hour of exercise throughout the time he was held in the Yellow Room. *See* P. Stat., ¶ 22. As a result of the deprivation of the human need for exercise, Defendants caused Plaintiff to suffer cruel and unusual punishment. *See Spain,* 600 F.2d at 199 (outdoor exercise required when prisoners otherwise are confined to a cell).

Finally, during each meal, the correctional guard took Plaintiff's food plate well before he had time to finish eating, depriving Plaintiff of hundreds of calories during each meal. *See* P. Stat., ¶ 23. As a result of the deprivation of the human need for food, Defendants caused Plaintiff to suffer cruel and unusual punishment. *See Wilson,* 501 U.S. at 304-305 (The Eighth Amendment is violated when conditions of confinement "produces the deprivation of a single, identifiable human").

There are genuine issues of material fact precluding this Court's ability to enter judgment. *See Anderson*, 477 U.S. at 256-57; *see also* F.R.C.P. 56. In particular, Defendants allege that they provided Plaintiff with two sheets, a blanket, pillow, towel, and wash cloth,

which is contradicted by Plaintiff's affidavit. *Compare* D. Stat., ¶ 56 with P. Stat., ¶ 19. Oddly, Defendants base their assertion that Plaintiff was provided with the aforementioned on an affidavit by Attorney Jonathan Kerr, who attested to Defendants' routine, not specifics. Defendants' Exhibit 1, p. 2. (If an inmate is assigned to a Special Housing Unit…")

Considering the appropriate standards, Plaintiff respectfully requests this Honorable Court deny Defendants' motion concerning Plaintiff's claim for cruel and unusual punishment as (a) Defendants are not entitled to judgment in their favor; and (b) genuine issues of material facts are in dispute.

### D. DEFENDANT, LT. BARBEN IS NOT ENTITLED TO QUALIFIED IMMUNITY.

Defendant, Lt. Barben is not entitled to qualified immunity. Lt. Barben ordered Plaintiff to be placed in the Yellow Room, the conditions of which caused Plaintiff to be deprived of several identifiable human needs, including the deprivation of warmth, sleep, exercise, and sufficient food. *See* Section C above. As the violations were clearly established by the United States Supreme Court in 1991, Defendant, Lt. Barben is not entitled to qualified immunity. *See Wilson v. Seiter,* 501 U.S. 294, 304-305 (1991) (The Eighth Amendment is violated when conditions of confinement "produces the deprivation of a single, identifiable human need such as food, warmth, or exercise"); *see also, Spain v. Procunier,* 600 F.2d 189, 199 (CA9 1979) (outdoor exercise required when prisoners otherwise are confined to a cell).

Considering the appropriate standards, Plaintiff respectfully requests this Honorable Court deny Defendants' motion seeking qualified immunity.

### III. CONCESSIONS

Plaintiff, Anthony Mammana, by and through his undersign counsel, voluntarily dismisses his claims against Defendants, Federal Bureau of Prisons and Registered Nurse Rachal

Taylor without prejudice and voluntarily withdraws his claims for malicious prosecution (Count I of Plaintiff's Amended Complaint) and violations of due process (Count II of Plaintiff's Amended Complaint).

**IV.　CONCLUSION**

For the foregoing reasons, Plaintiff, Anthony Mammana, by and through his undersign counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.

WHEREFORE, Plaintiff, by and through his undersigned counsel, respectfully requests this Honorable Court deny Defendants' Motion and enter Plaintiff's proposed Order.


　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**WEISBERG LAW**

　　　　　　　　　　　　　　　　　　　　 */s/ Matthew B. Weisberg*
　　　　　　　　　　　　　　　　　　　　Matthew B. Weisberg, Esquire
　　　　　　　　　　　　　　　　　　　　L. Anthony DiJiacomo, III, Esquire
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANTHONY MAMMANA** :
:
v. : No. 4:17-CV-0645
:
**FEDERAL BUREAU OF PRISONS**, et al.:

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 5th day of January, 2018, a true and correct copy of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Plaintiff's Memorandum of Law in support thereof, Plaintiff's Response to Defendants' Statement of Material Facts, and Plaintiff's Statement of Material Facts was served via ECF upon the following party:

Donald Simpson, Esquire
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17101

                                      **WEISBERG LAW**

                                      */s/ Matthew B. Weisberg*
                                      Matthew B. Weisberg, Esquire
                                      L. Anthony DiJiacomo, III, Esquire
                                      *Attorneys for Plaintiff*