UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MAMMANA, | ) | CIVIL ACTION NO. 4:17-cv-0645 |
| Plaintiff | ) | |
| | ) | ( BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| FEDERAL BUREAU OF PRISONS, *et* | ) | |
| *al.,* | ) | |
| Defendants | ) | |

REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS
AND/OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
(Doc. 23)

I.   INTRODUCTION

On April 11, 2017, Plaintiff Anthony Mammana ("Plaintiff"), a former

Federal inmate who had been housed in a Special Housing Unit ("SHU") of the

Low Federal Correctional Institution in Allenwood, Pennsylvania ("LFCI

Allenwood"), filed his initial Complaint asserting numerous claims against the

following Defendants: Federal Bureau of Prisons (the "FBOP"); Lieutenant Barben

("Lt. Barben"); Medical Assistant Taylor ("Defendant Taylor"); Physician

Assistant Stoltz ("Defendant Stolz"); Psychologist Bruno ("Defendant Bruno");

and John Does (1-10) ("Defendant John Does") (collectively, "Defendants"). (Doc.

1). On November 27, 2017, Plaintiff filed his Amended Complaint, asserting

claims of: (1) Malicious Prosecution; (2) violation of Due Process; and (3) Cruel

and Unusual Punishment in violation of the Eighth Amendment. (Doc. 22). On

December 11, 2017, Defendants filed a "Motion to Dismiss And/Or, in the Alternative, for Summary Judgment" in response to the Amended Complaint. (Doc. 23).

This Court will first analyze Plaintiff's claims in light of the Motion to Dismiss legal standard. Any surviving claims will be analyzed in accordance with the Motion for Summary Judgment legal standard. For the reasons articulated herein, I RECOMMEND the Motion to Dismiss and/or, in the Alternative, for Summary Judgment be GRANTED IN PART.

II.   FACTUAL BACKGROUND

A.   ALLEGATIONS

According to his Complaint, throughout June of 2015 Plaintiff experienced extreme illness after each meal and sought medical care. (Doc. 27-1). After seeking out and receiving medical care, Defendant Taylor issued an incident report charging Plaintiff with faking illness. (Doc. 27-1, ¶¶ 2-3). On or around July 6, 2015, Plaintiff was moved to an administrative segregation cell as a result of the charge. *Id*. Plaintiff was housed with another inmate in the administrative segregation cell. (Doc. 27-1, p. 4).

On July 7, 2015, Plaintiff was transferred to a different cell in the LFCI Allenwood SHU shared with Jesse Cabe, an individual known to Plaintiff as, "a notorious child molester." (Doc. 27-1, ¶ 6). Cabe is twice Plaintiff's weight and

could easily overpower Plaintiff. (Doc. 27-1, ¶ 8). The correctional officer opened Cabe's cell door and pulled Plaintiff's arm so as to direct Plaintiff to enter the cell. (Doc. 27-1, p. 7). Plaintiff said, "I'm not going in there." *Id.* The correctional officer pulled Plaintiff's arm again and said, "You're going in there," and Plaintiff replied, "never." *Id.* Plaintiff was concerned about being sexually assaulted by Cabe, and refused to be put in his cell. *Id.*

The correctional officer reported the incident to Lt. Barben. (Doc. 27-1, p. 8). When Lt. Barben arrived at Cabe's cell he asked, "Are you refusing to take a celle [sic]?" Plaintiff responded, "No sir, I'm not refusing a celle [sic], just him," referring to Cabe. (Doc. 27-1, p. 9). Lt. Barben warned, "last chance" Plaintiff stated, "I can't do it." (Doc. 27-1, p. 10).

Plaintiff alleges Lt. Barben screamed and threatened Plaintiff with transfer to a high security prison. (Doc. 27-1, p. 11). Lt. Barben directed the correctional officers to move Plaintiff to the "Yellow Room."[1] (Doc. 27-1, p. 12).

Plaintiff claims that, just before entering the Yellow Room, he was told to remove his prison issued clothing and was given transparent thin paper clothing. (Doc. 27-1, p. 13). The Yellow Room is painted bright yellow (Doc. 27-1, p. 14) and bright lights are on twenty-four (24) hours a day. (Doc. 27-1, p. 15). As of the

---

[1] Neither Plaintiff nor Defendant specify where the Yellow Room is located within the prison.

date Plaintiff was brought there, the Yellow Room contained a thin two (2) inch thick mattress. (Doc. 27-1, p. 16). When Plaintiff was placed in the Yellow Room, he alleges that he was not assigned a blanket, pillow, sheets, wash cloth, towel, tooth brush, or toothpaste. *Id.*

Plaintiff alleges that the air conditioner remained on high for the duration of his time in the Yellow Room. (Doc. 27-1, p. 18). Plaintiff asserts he slept a "maximum of a few moments" because of the constant bright lights and shivering due to lack of proper clothing or blanket. *Id.*

Plaintiff contends he was confined to the Yellow Room for approximately four (4) consecutive days. (Doc. 27-1, ¶ 22). Plaintiff reported that he was not released for any exercise during this time. *Id.*

Correctional officers provided Plaintiff with three (3) meals per day (Doc. 27-1, ¶ 23); however, the Defendant John Does routinely took Plaintiff's meals away from him before he was finished eating.[2] *Id.* Plaintiff asserts the premature taking of these meals deprived him of hundreds of calories. *Id.* Plaintiff also alleges that the Defendant John Does harassed Plaintiff continually, asking him if he was "ready to tap out." (Doc. 27-1, p. 20). Plaintiff contends Lt. Barben and the

---

[2] I infer that the Defendant John Does are employed as correctional officers at LFCI Allenwood.

Defendant John Does showed deliberate indifference to the conditions they placed Plaintiff in during confinement in the Yellow Room. (Doc. 22, ¶ 59).

After four (4) days, Plaintiff was released from the Yellow Room and put back in an administrative segregation cell until Plaintiff was transferred to a different facility. (Doc. 27-1, p. 21).

B.   UNDISPUTED FACTS

On July 9, 2015, Defendant Taylor issued incident report number 2736049 alleging that Plaintiff violated Code 298 "Interfering with staff in the performance of duties most like stalking" and Code 402 "Malingering or Feigning Illness" Because Plaintiff visited Health Services for the same exaggerated symptoms for three (3) days. (Doc. 25, ¶ 52). On July 9, 2015, Plaintiff was provided notice of the charges. (Doc. 25, ¶ 53). Plaintiff was placed in the SHU on administrative detention status.[3] (Doc. 25, ¶ 54). Charges against Plaintiff were later expunged. (Doc. 27-1, ¶ 3). All cells in the LFCI Allenwood SHU are equipped with a personal toilet. (Doc. 25, ¶ 55).

---

[3] The date that Plaintiff entered the SHU remains ambiguous. The Defendants did not include a date in the Statement of Facts. Plaintiff refers to SHU transfer at or around July 7, 2015.

III.   PROCEDURAL BACKGROUND

On April 11, 2017, Plaintiff initiated this action by filing a Complaint ("Original Complaint") against Lieutenant Barben, BOP, the Defendant John Does, Defendant Taylor, Defendant Stoltz, and Defendant Bruno. (Doc. 1). As relief, Plaintiff requested more than $75,000 in monetary damages. *Id*. Plaintiff alleged the following counts against all defendants in his Original Complaint: (1) malicious prosecution; (2) violation of due process; (3) Eighth Amendment violation by failing to provide medical care and treatment which amounts to cruel and unusual punishment; (4) Monell claim; and (5) excessive force/assault and battery. *Id*.

On September 15, 2017, Defendants filed a joint Motion to Dismiss and Motion for Summary Judgment ("First Joint Motion to Dismiss and Motion for Summary Judgment"). (Doc. 9). On October 13, 2017, Defendants filed their Brief in Support, (Doc. 14), and on October 13, 2017, Defendants filed their Statement of Facts. (Doc. 15).

On November 27, 2017, Plaintiff filed his Amended Complaint. (Doc. 22). Because Defendants responded to Plaintiff's Amended Complaint, I recommend that Defendants' First Joint Motion to Dismiss and Motion for Summary Judgment (Doc. 9) be DENIED as MOOT.

In the Amended Complaint, Plaintiff revised and removed previous claims from the Original Complaint. *Id.* Plaintiff asserts the following claims in his Amended Complaint: Malicious Prosecution against Defendants BOP and Taylor (Count One); Violation of Due Process against all Defendants (Count Two); Cruel and Unusual Punishment against Defendants BOP and Barben (Count Three). *Id.* As relief, Plaintiff requests more than $75,000 in monetary damages. *Id.*

On December 11, 2017, Defendants filed a joint Motion to Dismiss and Motion for Summary Judgment for the Amended Complaint ("Second Joint Motion to Dismiss and Motion for Summary Judgment"). (Doc. 23). On December 22, 2017, Defendants filed a Statement of Facts as well as their Brief in Support for the Second Joint Motion to Dismiss and Motion for Summary Judgment. (Doc. 25); (Doc. 26).

In their Brief in Support, Defendants argue: (1) Plaintiff failed to properly exhaust or begin administrative remedies; (2) the Bureau of Prisons is not the appropriate party; (3) Plaintiff failed to prove the incident report and the placement in SHU meets the cruel and unusual punishment standard; and (4) Defendants Barben and Taylor are entitled to qualified immunity. *Id.*

On January 5, 2017, Plaintiff filed his Brief in Opposition. (Doc. 27). Therein, Plaintiff expressed his desire to abandon all claims against Defendants BOP and Taylor, and the Due Process claim against all Defendants. *Id.* Because

Plaintiff has chosen to withdraw his claims against Defendants BOP and Taylor, and his due process claim, I need only address his remaining Eighth Amendment claims.

## IV.   LEGAL STANDARDS

### A.   LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261

(3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to plaintiff. *Id.* However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [plaintiff] can prove facts that [he] has not alleged . . . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679). "In other words, a complaint must do more than allege the

plaintiff's entitlement to relief" and instead must 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

As the court of appeals has observed:

> The Supreme Court in *Twombly* set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Iqbal*. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

*Burch v. Milberg Factors, Inc*., 662 F.3d 212, 220-21 (3d Cir. 2011).

In undertaking this task, the court generally relies only on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.

2002); *see also, U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.") However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

B.    LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure provides as follows:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a).

For purposes of Rule 56, a fact is material if proof of its existence of nonexistence might affect the outcome of the suit under the applicable substantive law. *Haybarger v. Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to

resolve the parties' differing versions of the truth at trial." *Id.* (*quoting Anderson*, 477 U.S. at 248-49).

Accordingly, in support of a motion for summary judgment, the moving party must show that if the evidence of record were reduced to admissible evidence in court, it would be insufficient to allow the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Provided the moving party has satisfied this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Instead, if the moving party has carried its burden, the non-moving party must then respond by identifying specific facts, supported by evidence, which show a genuine issue for trial, and may not rely upon the allegations or denials of its pleadings. *See Martin v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007); *see also* Fed. R. Civ. P. 56(c).

In adjudicating the motion, the court must view the evidence presented in the light most favorable to the opposing party, *Anderson*, 477 U.S. at 255, and draw all reasonable inferences in the light most favorable to the non-moving party, *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true. *Id.* Additionally, the court is not to decide whether the evidence unquestionably favors one side or the other, or to make

credibility determinations, but instead must decide whether a fair-minded jury could return a verdict for plaintiff on the evidence presented. *Id. at 252; see also Big Apple BMW*, 974 F.2d at 1363. In reaching this determination, the Third Circuit has instructed that:

> To raise a genuine issue of material fact . . . the opponent need not match, item for item, each piece of evidence proffered by the movant. In practical terms, if the opponent has exceeded the "mere scintilla" threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. It thus remains the province of the factfinder to ascertain the believability and weight of the evidence. *Id.* In contrast, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *NAACP v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 476 (3d Cir. 2011).

## V.   DISCUSSION

### A.   PLAINTIFF STATES A COGNIZABLE EIGHTH AMENDMENT CLAIM

Plaintiff alleges Defendants deprived him of essential human needs while being held in the Yellow Room of SHU in violation of the Eighth Amendment's Cruel and Unusual Punishment clause. (Doc. 27, p. 6). *See Wilson v. Seiter*, 501 U.S. 294, 304-305 (1991) (The Eighth Amendment is violated when conditions of confinement "produces the deprivation of a single, identifiable human need such as

food, warmth, or exercise"); *see generally Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (outdoor exercise required when prisoners otherwise are confined to a cell); *see also Anderson,* 477 U.S. at 256-57. Plaintiff asserts Defendants did not provide Plaintiff with appropriate bedding while in the Yellow Room of SHU. (Doc. 27-1, ¶ 19). In his Amended Complaint, Plaintiff alleges Defendants Barben and John Does showed deliberate indifference to the conditions of the Yellow Room. (Doc. 22, ¶ 59). Plaintiff requests this court deny the Defendants' Motion to dismiss his Cruel and Unusual Punishment claim.

Defendants argue Plaintiff's detention was not in violation of the Eighth Amendment because prisoners should expect to be placed in SHU during their time incarcerated. (Doc. 26, p. 10). They contend that "[a]dministrative detention is non-punitive and may occur when an inmate is under investigation or awaiting a hearing for a possible violation of a BOP regulation." (Doc. 26, pp. 10-11). Defendants allege 28 C.F.R. § 541.22(a) justified Plaintiff's placement in the restricted in SHU while he was awaiting hearing. Additionally, Defendants assert they gave Plaintiff the appropriate bedding. (Doc. 26, p. 12).

1.      Standard for Evaluating Eighth Amendment Claims

Plaintiff alleges an Eighth Amendment conditions of confinement claim which deprived Plaintiff of human necessities. (Doc. 27, p. 6). The Eighth Amendment of the United States Constitution provides: "Excessive bail shall not

be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. XIII. The Supreme Court has stated that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Thus, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Id.*

It is a "settled rule [that] the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (quoting *Ingraham v. Wright,* 430 U.S. 651, 670 (1977)) (internal quotations omitted). Therefore, the question of "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley,* 475 U.S at 320–321 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973), cert. denied *sub nom. John v. Johnson,* 414 U.S. 1033 (1973)).

Regarding "conditions of confinement," the Supreme Court has observed that "extreme deprivations are required to make out a conditions of confinement claim." *Hudson*, 503 U.S. at 8–9. Additionally, the Third Circuit found "[f]or conditions of confinement in prisons to constitute cruel and unusual

punishment within the meaning of U.S. CONST. amend VIII, the conditions must involve the wanton and unnecessary infliction of pain, or be grossly disproportionate to the severity of the crime warranting imprisonment." *Peterkin v. Jeffes*, 855 F.2d 1021, 1023 (3d Cir. 1988). "The objective factors which a court must examine in prison conditions cases include basic human needs such as food, shelter, and medical care, as well as sanitation, safety, the physical plant, educational/rehabilitational [sic] programs, the length of confinement, and out-of-cell time." *Id.* The Third Circuit established the following inquiry to determine whether the conditions of confinement violated the Cruel and Unusual Punishment clause of the Eighth Amendment:

> We must first determine if the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections. If not, our inquiry is at an end. However, if the deprivation is sufficiently serious, we must determine if the officials acted with a sufficiently culpable state of mind. In other words, we must determine if they were motivated by a desire to inflict unnecessary and wanton pain.

*Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000) (quoting *Wilson v. Seiter,* 501 U.S. 294, 299 (1991)).

The first determination requires that Plaintiff show Defendants have "deprive[d] inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court further provides that "the deprivation of a single, identifiable human need such as food, warmth, or

exercise," is sufficiently serious to satisfy an Eighth Amendment violation. *Wilson,* 501 U.S. at 304. An Eighth Amendment violation includes an aggregate of factors only when;

> Conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise…

*Wilson v. Seiter,* 501 U.S. 294, 299 (1991).

To satisfy the second requirement, the court must determine whether the prison officials had a culpable state of mind. "As described by the Supreme Court in *Farmer*, the standard for determining deliberate indifference in a conditions of confinement case is whether a prison official knew of and disregarded an excessive risk to an inmate's health or safety." *Mitchell v. Dodrill.* 696 F. Supp. 2d 454, 467 (M.D. Pa. 2010) (citing *Farmer*, 511 U.S. at 837).

    2.    Plaintiff's Claim that the Yellow Room was Too Cold Should Not be Dismissed

The Court must determine whether: "(1) a deprivation that is objectively sufficiently serious; and (2) a sufficiently culpable state of mind of the defendant official." *Talley v. Wetzel*, No. 3:15-cv-1698, 2017 U.S. Dist. LEXIS 127194 at *13 (M.D. Pa. Aug. 9, 2017) (internal quotations omitted). First, I must resolve whether the alleged deprivation receives Eighth Amendment protection.

The Supreme Court in *Wilson* provides a hypothetical example, specifying a combination of factors which rise to meet an Eighth Amendment conditions of confinement claim. 501 U.S. at 299. One such example details "a low cell temperature at night combined with a failure to issue blankets." *Id*. The example is analogous to the instant case, particularly relating to the conditions that led to the deprivation. Here, Plaintiff claims a deprivation of warmth that is nearly indistinguishable from the circumstances detailed in the *Wilson* hypothetical. Plaintiff alleges excessively high air conditioning, failure to issue proper bedding materials, including but not limited to blankets, and paper thin clothing, when considered collectively, deprived him of the right to warmth. The "mutually enforcing effect" of these conditions yielded the deprived human need of warmth. *Id*. Additionally, "[t]he Court agrees that an inmate's right to "warmth" is clearly established." *Mauchlin v. Bier*, No. 07-cv-2593, 2010 WL 419397, at *8 (D. Colo. Jan. 28, 2010), *aff'd*, 396 F. App'x 519 (10th Cir. 2010). Therefore, the deprivation of warmth is sufficiently serious to receive Eighth Amendment protection.

Second, this Court must determine whether the prison officials had a sufficiently culpable state of mind. The Supreme Court has explained that "[a] prisoner claiming that conditions of confinement constitute cruel and unusual punishment in violation of the Federal Constitution's Eighth Amendment must show deliberate indifference on the part of prison officials." *Wilson*, 501 U.S. at

297. Additionally, the Supreme Court has held that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 825.

Here, when considered in the light most favorable to the Plaintiff, I find Plaintiff has sufficiently alleged that Lt. Barben had a culpable state of mind when he acted by relocating Plaintiff to the Yellow Room with knowledge that Plaintiff would be subjected to serious harm such as the deprivation of warmth. (Doc. 22, ¶ 54); *Talley,* No. 3:15-cv-1698, 2017 U.S. Dist. LEXIS 127194 at *13. Additionally, Plaintiff alleges prison guards, who this Court construes as Defendants John Does (1-10), harassed Plaintiff by questioning if Plaintiff was "ready to tap out." (Doc. 27-1, ¶ 24). Here, it can reasonably be determined that Defendants John Does failed to act to remove Plaintiff from serious harm and had knowledge of the conditions Plaintiff endured while confined to the Yellow Room, thus demonstrating Defendant John Does had sufficiently culpable states of mind. *Talley,* No. 3:15-cv-1698, 2017 U.S. Dist. LEXIS 127194 at *13. Viewing the facts in the light most favorable to the Plaintiff, Defendants Lieutenant Barben and John Does had sufficiently culpable state of mind. For these reasons, I recommend Defendants Motion to Dismiss Plaintiff's Eighth Amendment claim that the Yellow Room was too cold be denied and the claims be allowed to proceed.

3.   Plaintiff's Claim Regarding the Yellow Room's Constant Illumination Should be Dismissed

To establish that constant illumination meets an Eighth Amendment violation, the illumination must cause "grave sleeping problems." *Brown v. Martinez*, 2007 WL 2225842, at *26 (M.D. Pa. July 31, 2007) (quoting *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996)).

The Third Circuit provides for an Eighth Amendment violation to exist Plaintiff must show material facts demonstrating he suffered a physical or mental harm from constant illumination. *Brown,* 2007 WL 2225842, at *8 (holding there was not a constitutional violation because the Plaintiff failed to allege constant illumination caused medical or mental harm,); *Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007) (holding that "[Plaintiff] has not alleged…he has suffered any significant medical condition as a result of the pattern of lighting in his cell"); *Stewart v. Beard*, 417 F. App'x 117, 119 (3d Cir. 2011) (holding that Plaintiff failed to prove "twenty-four hour lighting had caused any physical or mental problems to the extent that they required medical attention"); *Spencer v. Wetzel*, No. 3:12-cv-6161, 2014 WL 1056424, at *2 (M.D. Pa. Mar. 17, 2014), *aff'd sub nom. Spencer v. Sec'y Dep't of Corr.*, 618 F. App'x 85 (3d Cir. 2015) (holding "Plaintiff offered no evidence that he suffered any sleeping, medical and psychological problems as a result of the security light"); and *Sims v. Piazza,* 462

F. App'x 228, 232 (3d Cir. 2012) (held the constant illumination did not violate the Eighth Amendment because Plaintiff was not medically harmed).

The instant case is analogous to *Brown*, *Stewart*, *Spencer*, or *Sims*. In each case, the District Court denied the Eighth Amendment claim because Plaintiff did not prove that he suffered a medical injury from the sleep deprivation. *Brown,* 2007 WL 2225842, at *8; *Sims,* 2011 WL 3664797 at *232; *Spencer*, 2014 WL 2930228 at *2; *Stewart*, 2011 417 F. App'x. at 119. Here, Plaintiff fails to allege sufficient facts to support his contention that the constant illumination caused a medical injury. For the reasons stated, I recommend the Eighth Amendment claim regarding the deprivation of sleep be dismissed.

> 4.   Plaintiff's Eighth Amendment Claim regarding Exercise should be Dismissed

The case law surrounding the issue of exercise clearly states that prisoners held in isolation without exercise for a period of time does not violate the Eighth Amendment. *Bensinger v. Capt. 2 to 10:00 on Feb 18th 94*, No. 94-1532, 1995 WL 30609, at *6 (E.D. Pa. Jan. 18, 1995) (holding that four (4) days without exercise does not constitute an Eighth Amendment violation); *Robinson v. Southers*, No. 3:13-cv-1603, 2018 U.S. Dist. LEXIS 50628, at *26 (M.D. Pa. Mar. 26, 2018) (held one week without exercise in Special Housing Unit does not meet an Eighth Amendment violation); *Rodriguez v. Thomas*, 299 F. Supp. 3d 618, 639

(M.D. Pa. 2018) (held ninety-one (91) days without exercise did not constitute an Eighth Amendment violation because Plaintiff did not suffer medical harm).

Here, Plaintiff's claim regarding deprivation of exercise fails to meet an Eighth Amendment violation. In *Rodriguez*, Plaintiff did not receive exercise for ninety-one (91) days and the court denied an Eighth Amendment violation. *Rodriguez*, 299 F. Supp. 3d at 639. Similarly in *Robinson* and *Bensinger*, Plaintiffs did not receive exercise for seven (7) and fifteen (4) days, respectively, and those "deprivations" did not amount to an Eighth Amendment violation. *Robinson*, No. 3:13-cv-1603, 2018 U.S. Dist. LEXIS 50628 at *26; *see also Rodriguez*, 299 F. Supp.3d at 639; *Bensinger*, 1995 WL 30609 at *6. Here, Plaintiff asserts isolation for four (4) consecutive days without access to exercise. (Doc. 27-1, ¶ 25). Similar to *Bensinger*, *Robinson*, and *Rodriguez,* this case fails to meet a "deprivation" under the Eighth Amendment. For the reasons stated, I recommend the Eighth Amendment claim regarding deprivation of exercise be dismissed.

### 5.    Plaintiff's Eighth Amendment Claim regarding deprivation of food should be dismissed

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832; *see also Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980) (held requiring prisoners need "nutritionally adequate food"). "[O]nly a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.

1983) (citing *Lindsey v. O'Connor*, 327 Fed. App'x. 319, 321 (3d Cir. 2009)). A 'substantial deprivation' does not exist in this claim. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (holding that withholding two meals per day does not rise to a constitutional violation because inmate receive required nutrition from one meal per day); *see also Zanders v. Ferko*, 439 F. App'x 158, 160 (3d Cir. 2011) (holding that "deprivation of three meals over two days fails to rise to the level of a constitutional violation").

Claims more substantial than the instant case included prison officials withholding meals from prisoners, and it did not rise to meet a constitutional violation. *Zanders*, 439 F. App'x, at 160. Since Plaintiff received and consumed food, the alleged deprivation fails to meet an Eighth Amendment violation. For the reasons stated, I recommend the Eighth Amendment claim regarding food be dismissed.

B. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFF'S CLAIM THAT THE YELLOW ROOM WAS TOO COLD

Defendants argue they are entitled to summary judgment for the Cruel and Unusual Punishment claims. (Doc. 26, p. 17). However, Plaintiff identified a dispute of material fact exists relating to the conditions of confinement. (Doc. 27, p. 7). Plaintiff emphasizes that disputes of genuine material facts prevent this court from entering judgment. (Doc. 27, p. 9). Plaintiff asserts Defendants are not entitled to judgment in their favor while a dispute of genuine material fact exists.

It is a well-settled legal principle that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The Third Circuit has held: "Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist." *Am. Power, LLC v. Speedco, Inc.*, 2017 WL 4084060 at *6 (M.D. Pa. Jan. 17, 2017), *report and recommendation adopted,* 2017 WL 4150463 (M.D. Pa. Aug. 24, 2017).

Here, the dispute is in relation to the conditions of confinement and items issued to Plaintiff in the SHU. Specifically, Plaintiff alleges "he was deprived of the prison-issued clothing, and regulated sheets, blanket, and towel, which he could have used to keep warm." (Doc. 27, p. 6; Doc. 27-1, ¶ 19). If Plaintiff had received those items, the claim would not exist. Therefore, the dispute of material fact would affect the outcome of this claim. Defendants provide evidence in form of Statement of Material Facts (Doc. 25, ¶ 56). Plaintiff provides evidence in the form of an Affidavit of Plaintiff, Anthony Mammana. (Doc. 27-3). For the reasons stated, I recommend that Defendants' Motion for Summary Judgment be denied. Plaintiff's Eighth Amendment claim that the Yellow Room was too cold should be permitted to proceed.

## VI.   RECOMMENDATION

For the reasons articulated herein, I RECOMMEND that:

1.     Defendants' First Motion to Dismiss and/or, in the alternative, for Summary Judgment (Doc. 9) be DENIED as moot.

2.     Defendants' Second Motion to Dismiss and/or, in the alternative, for Summary Judgment (Doc. 23) be GRANTED IN PART as follows:

    a.     Defendants Nurse Taylor and the Bureau of Prisons be DISMISSED from the Complaint;

    b.     Plaintiff's claim of Malicious Prosecution be DISMISSED WITHOUT PREJUDICE;

    c.     Plaintiff's claim of violation of Due Process be DISMISSED WITHOUT PREJUDICE;

    d.     Defendants' Motion to Dismiss and/or, in the alternative, for Summary Judgment regarding Plaintiff's Eighth Amendment deprivation of warmth be DENIED;

    e.     Plaintiff's claim of the Eighth Amendment's Cruel and Unusual Punishment Clause regarding deprivation of sleep be DISMISSED WITHOUT PREJUDICE;

    f.     Plaintiff's claim of the Eighth Amendment's Cruel and Unusual Punishment Clause regarding deprivation exercise be DISMISSED WITHOUT PREJUDICE; and

    g.     Plaintiff's claim of the Eighth Amendment's Cruel and Unusual Punishment Clause regarding deprivation of food be DISMISSED WITHOUT PREJUDICE.

3.    Plaintiff's Eighth Amendment claims against Lt. Barden and Defendant John Does that the Yellow Room was too cold be permitted to proceed.

Date: July 23, 2018                              BY THE COURT

                                                 *s/William I. Arbuckle*
                                                 William I. Arbuckle
                                                 U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MAMMANA, | ) | CIVIL ACTION NO. 4:17-cv-0645 |
| Plaintiff | ) | |
| | ) | ( BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| FEDERAL BUREAU OF PRISONS, *et* | ) | |
| *al.,* | ) | |
| Defendants | ) | |

NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: July 23, 2018                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge