# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MAMMANA, | No. 4:17-CV-00645 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 24, 2018

Defendants moved to dismiss the Amended Complaint filed by Plaintiff, Anthony Mammana. For the reasons that follow, that motion will be granted.

## I. BACKGROUND

Mr. Mammana has been an inmate at the United States Penitentiary in Allenwood, Pennsylvania, since 2010.[1] In July 2015, after refusing cell reassignment, Mr. Mammana was sent to the prison's "Yellow Room."[2]

The Yellow Room is lit 24 hours a day by "bright light" and contains only "an extremely thin mattress" with "no blankets or toilet paper."[3] Before being

---

[1] Amended Complaint (ECF No. 22) ¶ 6.

[2] *Id.* ¶ 27.

[3] *Id.* ¶ 28.

placed in the Yellow Room, Mr. Mammana was "forced to remove all his clothing and was provided with only paper[-]like clothing."[4] Mr. Mammana spent four days in the Yellow Room, during which time he "could hardly sleep."[5] When he was able to fall asleep, he "would wake up frequently shivering . . . because the room was uncomfortably cold."[6]

On April 11, 2017, Mr. Mammana filed a Complaint against the Federal Bureau of Prisons, Lieutenant David Barben, Rachal Taylor, John Stoltz, and AnnMarie Bruno.[7] Defendants moved to dismiss that Complaint on September 15, 2017.[8]

On November 27, 2017, Mr. Mammana filed an Amended Complaint against the Federal Bureau of Prisons, Lieutenant David Barben, and Nurse Rachal Taylor.[9] The Amended Complaint contains a malicious prosecution claim (Count I), a due process claim (Count II), and an Eighth Amendment claim (Count III).

---

[4] *Id.*

[5] *Id.* ¶ 29.

[6] *Id.*

[7] ECF No. 1.

[8] ECF No. 9.

[9] Mr. Stoltz and Ms. Bruno were not named in the Amended Complaint and were therefore dismissed from the case.

The filing of Mr. Mammana's Amended Complaint renders Defendants' first Motion to Dismiss moot; therefore, that motion (ECF No. 9) will be denied.

Defendants moved to dismiss the Amended Complaint on December 11, 2017.[10] In response to that motion, Mr. Mammana withdrew his malicious prosecution claim and his due process claim, and withdrew all claims against the Federal Bureau of Prisons and Ms. Taylor.[11] On July 23, 2018, Magistrate Judge William I. Arbuckle issued a Report and Recommendation on Defendants' motion,[12] to which Mr. Mammana objected.[13]

**II. DISCUSSION**

The only claim currently surviving is Mr. Mammana's Eighth Amendment claim against Lt. Barben and the John Does. This is a "conditions of confinement" claim—*i.e.*, it argues that the conditions in the Yellow Room denied him "the minimal civilized measures of life's necessities."[14]

This claim must fail. "The Constitution . . . does not mandate comfortable prisons,"[15] and Mr. Mammana's own Amended Complaint itself states that his conditions—which included an over-air-conditioned room, thin clothing, lack of blankets, and round-the-clock lighting—were, in fact, simply "uncomfortabl[e]."[16]

---

[10] ECF No. 23.

[11] Mr. Mammana's Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 27) at 6-7.

[12] ECF No. 28.

[13] ECF No. 29.

[14] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

[15] *Id.*

[16] Amended Complaint ¶ 29.

This Court does not doubt that Mr. Mammana had difficulty sleeping,[17] but being forced to spend four days in those conditions does not classify as "cruel and unusual punishment[]."[18]

Defendants' Motion to Dismiss, therefore, will be granted. Because this Court finds that any amendment would be futile,[19] it will dismiss Mr. Mammana's Amended Complaint with prejudice. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[17] *See id.*

[18] U.S. Const. amend. VIII; *see Chavarriaga v. New Jersey Dept. of Corrections*, 806 F.3d 210, 226 (2015) ("An inmate seeking to prove that she has been subjected to an Eighth Amendment violation . . . must show that the [alleged] deprivation was sufficiently serious . . . ."); *cf. id.* at 220, 228 (Eighth Amendment claim stated where plaintiff alleged that "she was not provided with potable water during [a] three-day period, and that when she asked for drinking water the correctional officers told her to drink from the cell's toilet bowl").

[19] *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).