# EXHIBIT A

BP-402B INCIDENT REPORT U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

## PART I - INCIDENT REPORT

| 1. NAME OF INSTITUTION | | INCIDENT REPORT NUMBER |
|---|---|---|
| LSCI ALLENWOOD | | 273645 |

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| Mammana, Anthony | 14394-067 | 07/10/2015 | 1220 pm |

| 6. PLACE OF INCIDENT: | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| Special Housing Range 1 | Unassigned SHU | GB |

| 9. INCIDENT | Refusing to obey an order of any staff member. | 10. CODE(S) | 307 |
|---|---|---|---|

**11. DESCRIPTION OF INCIDENT** (DATE: 07/10/2015 TIME: 12:20PM (Staff become aware of Incident)

On 7/10/2015, at approximately 1220pm, Officer Kustanbauter and I were moving inmate cell moves. While attempting to move Inmate Mammana #14394-067 to Z01-003 from his current cell, Z01-004, he refused to be placed in the cell. I gave Inmate Mammana a direct order to go in to cell Z01-004, which he refused. Lt Barben was notified and inmate Mammana was placed in Z04-002. No Further actions were needed.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE |
|---|---|---|
| [signature] | 07/10/20015 1300 pm | Brooke, Bryson S.O. |

| 14. INCIDENT REPORT DELIVERED TO INMATE BY: | 15. DATE DELIVERED INCIDENT REPORT | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| G. Geib [signature] | 7-10-15 | 5:55pm |

## PART II — COMMITTEE ACTION

**17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT:**
I was having medical issues. I didn't feel safe going in that room because I didn't trust the guy to push the duress button if I needed medical attention.

**18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:**
✓ COMMITTED THE FOLLOWING PROHIBITED ACT.
___ DID NOT COMMIT A PROHIBITED ACT.

B. ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

C. ✓ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS

**19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION**
Decision is based on the officer's written statement + a supporting memo stating that the inmate was given a direct order to go into the cell + he refused. The inmate's statement also supports the fact that he wouldn't go into the room he was ordered to go in.

**20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)**
30 Days Loss of Email Privileges

**21. DATE AND TIME OF ACTION** 7/16/15 11:28 am (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Robert Gibson | B. Brown / B. Brown | |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

# EXHIBIT B

BP-A0304  **Discipline Hearing Officer Report** CDFRM
AUG 11
U.S. Department Of Justice                                                      Federal Bureau Of Prisons

| INSTITUTION | LSCI ALLENWOOD, PA | INCIDENT REPORT NUMBER | 2736049 |
|---|---|---|---|
| INMATE NAME | ~~HAMMAN, Anthony~~ | REG NO. ~~14994-067~~ UNIT | Gregg B |
| DATE OF INCIDENT | 7/9/15 | DATE OF INCIDENT REPORT | 7/9/15 |
| OFFENSE CODE(S) | 298(225), 402 | | |
| SUMMARY OF CHARGE(S) | Interfering with staff in the performance of duties (Stalking another person through repeated behavior which harasses, alarms, or annoys the person after having been previously warned to stop such conduct Malingering, feigning illness | | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge(s) (copy of Incident Report) was given to inmate on

(date) 7/9/15          (time) 3:30          (by) C. Coombe

B. The DHO Hearing was held on    (date) 7/23/15          (time) 1005

C. The inmate was advised of his rights before the DHO by (staff member):

   R. Gibson, CC                         on 7/16/15                           and a copy
                                          (date)

of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

| A. Inmate waived right to staff representative. | Yes | X | No | |
|---|---|---|---|---|
| B. Inmate requested staff representative and | | | appeared. | |
| C. Requested staff representative could not appear. The inmate was advised of the option to postpone hearing to obtain another representative with the result: | | | N/A | |
| D. Staff representative | | | | was appointed. |
| E. Staff representative statement: N/A | | | | |

**III. PRESENTATION OF EVIDENCE**

| A. Inmate Admits | | Denies | X | Neither | |
|---|---|---|---|---|---|

B. Summary of inmate statement:

At the onset of this hearing, this inmate was verbally advised of his Rights before the DHO, indicated he understood them and chose to provide the following statement:

"It started out that I was getting sick whenever I ate and got very light headed. My hands were going numb and I was very scared that something was happening. I went to medical a bunk of times and they gave me Prilosec and were checking my blood sugar. They thought I was having panic attacks. In the end they took me out for a cat scan but didn't find anything. I think it's because of my eating. I think I'm bleeding."

No procedural issues were cited by the inmate and no documentary evidence was provided for consideration.

1

*Sensitive But Unclassified*

Name of Inmate: MAMMANA, Anthony    Reg. No.: 14394-067    Hearing Date: 7/23/15

| C. Witness(es): | | | | |
|---|---|---|---|---|
| 1. The inmate requested witness(es). | Yes | | No | X |

2. The following persons were called as witnesses at this hearing and appeared.

3. The following persons requested were not called for the reason(s) given:

4. The following persons requested were not called for the following reason(s) given:

5. Unavailable witnesses were requested to submit written statements and those statements were received and considered.

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Memorandum from A. Bruno, dated July 10, 2015.
BOP Health Services Clinical Encounter for MAMMANA, Anthony # 14394-067 dated 7/7/15 thru 7/9/15.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been /confidential informant(s) have been determined to be reliable because: N/A

IV. FINDINGS OF THE DHO

| | A. The act(s) was/were committed as charged. |
|---|---|
| | B. The following act(s) was/were committed: |
| X | C. No prohibited act(s) was/were committed: Expunge according to PS 5270.09. |
| | D. Not Psychologically Responsible. |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

During this discipline hearing for MAMMANA, Anthony, Register No. 143944-067, the DHO expunged the prohibited acts of Interfering with staff in the performance of duties (Stalking another person through repeated behavior which harasses, alarms, or annoys the person after having been previously warned to stop such conduct and Malingering, feigning illness, Codes 298(225), 225 and 402.

This is what he said it was.

VI. SANCTION OR ACTION TAKEN

Expunged.

VII. REASON FOR SANCTION OR ACTION TAKEN

The DHO expunged the charged acts in this case. Documentary evidence showed MAMMANA seeing five different medical staff members regarding his stated issues over a short period of time. Direction for the inmate to have Sick call follow-ups were noted on a majority the Clinical Encounter forms. The DHO believed it was undetermined whether or not MAMMANA was feigning illness and no evidence showed him involved in any stalking type behaviors.

VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

This proves he needed medical tool. He was told to come back to medical for follow-ups.

2

| Name of Inmate: MAMMANA, Anthony | Reg. No.: 14394-067 | Hearing Date: 7/23/15 |

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| Todd W. Cerney | *[signature]* | 7-29-15 |

Delivered to Inmate: *[initials]* 7-30-15

Prescribed by P5270          Replaces BP -304 (52) of JAN 88

3

Case 4:17-cv-00645-MWB-MCC   Document 1   Filed 04/11/17   Page 18 of 21

# EXHIBIT C

SHV

Reg. No.: ▓▓▓▓▓▓▓
Lycoming B
Page 1

---

### Inmate Request to Staff Response

This is in response to your Inmate Request to Staff dated August 4, 2015, wherein you report you were advised that you are the subject of a threat assessment, but indicate you do not understand. Specifically, you state you have no history of violence and question as to how you could pose a threat to anyone. You conclude you correspondence by requesting to be provided with information to help you understand.

A Threat assessment is a review process used to evaluate the risk posed by an inmate or another person, typically as a response to an actual or perceived threat or concerning behavior. Additionally, I am to understand you were recently advised by the Special Investigative Supervisor as to the reason for the assessment.

In that you have been provided with an explanation as to what a Threat Assessment is. I trust this information addresses your concerns.

8-7-15
Date

E. Rokosky
Associate Warden

Part II - Committee Action

**17. Comments Of The Inmate To The Unit Discipline Committee Regarding The Above Incident**

Inmate declined to make a statement.

**18. A. It Is The Finding Of The Committee That You:**

| | |
|---|---|
| Committed The Following Prohibited Act. | |
| Did Not Commit A Prohibited Act. | |

B. ✓ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.

C. The Committee Advised The Inmate Of the Finding And Of The Right To File An Appeal Within 15 Calendar Days.

**19. Committee Decision Is Based On The Following Information.**

Mandatory referral to the DHO for a 200 series I/R

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed the prohibited act)**

Recommend codes 298 & 225 be expunged due to not being supported in the body of the incident report. If found guilty of code 402, recommend 30 days loss of commissary privileges.

**21. Date And Time Of Action** 7/16/15 10:58 am (The UDC Chairman=s Signature Next To His Name Certifies Who Sat On the UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

Robert E. Gibson — Chairman (Typed Name/Signature)

B.Brown / B.Brown — Member (Typed Name)

Member (Typed Name)